# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| JUDGE PHYLLIS GARDNER, in her Official Capacity, | ) ) ) |
| Plaintiff, | ) |
| v. | ) No. 2:14-cv-2714-SHL-dkv |
| | ) |
| PAMELA J. MOSES, | ) ) |
| Defendant. | ) ) |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Magistrate Judge's Report and Recommendation for *Sua Sponte* Remand to the General Sessions Criminal Court of Shelby County, Tennessee, filed September 23, 2014. ("Rep. and Recommendation," ECF No. 7.) Defendant Pamela Moses ("Ms. Moses") filed her Objections to the Magistrate's Report and Recommendation ("Objections") on October 6, 2014. (ECF No. 8.) For the following reasons, the Magistrate Judge's Report and Recommendation is adopted in its entirety.[1]

I.  STATEMENT OF THE CASE

The Honorable Phyllis Gardner ("Judge Gardner"), in her official capacity, filed a Petition for Order of Protection and Order for Hearing on September 8, 2014, in Shelby County

---

[1] In addition to the Report and Recommendation, there are seven motions pending before the Court in this case. Ms. Moses's Motion for Leave to File Amended Complaint and the accompanying proposed amended complaint (ECF No. 9) is addressed in more detail below. The adoption of the Report and Recommendation renders the remaining pending motions moot. This includes Ms. Moses's Second Motion to Expedited and Emergency Show Cause Hearing (ECF No. 5); her Motion to Appoint Counsel (ECF No. 16); her Motion to Compel Petitioner to Appear for Deposition (ECF No. 17); and her Motion for Extension of Time to File a Response (ECF No. 21). Petitioner's Motion to Enforce and Extend Temporary Order of Protection (ECF No. 18) and her Motion to Quash (ECF No. 20) are also moot.

General Sessions Criminal Court. (ECF No. 1-1.) In her petition, Judge Gardner alleged that Ms. Moses had stalked her after being held in contempt in the judge's court. (Id. at 3-4.) In the petition, Judge Gardner alleged Ms. Moses engaged in a series of activities, including creating a Facebook page that argued against Judge Gardner's re-election, confronting the judge while she campaigned, handing out flyers at the Shelby County Courthouse advocating for the removal of the judge from her position, and attempting to enter the swearing in ceremony for recently elected judges. (Id. at 3-4.) Judge Gardner claimed that as a result of these and other actions by Ms. Moses, she felt terrorized, frightened, intimidated, and threatened. (Id. at 4.) The General Sessions Court issued a Temporary Order of Protection, and set a hearing on the matter for September 23, 2014. (Id. at 5.)

Ms. Moses filed a Notice of Removal to this Court pursuant to 28 U.S.C. §§ 1441 through 1452, on September 15, 2014. (ECF No. 1.) Ms. Moses described her grounds for removal thusly: "Because allegation ***"Speech"*** against an ***elected official*** and ***public figure*** and the obvious constitutional issues and ***"Freedom of Speech"*** and the obvious attempts to suppress ***Freedom of the Press*** the proper forum to adjudicate this matter would be federal court." (Id. at 1) (emphasis in original). In addition, Ms. Moses's Notice of Removal asserted that both Petitioner and Respondent reside in Memphis, Tenn., and that the matter in controversy exceeded $75,000. (Id.) The Magistrate Judge recommended dismissing the case based on a lack of subject matter jurisdiction and remanding it to the Criminal Court of Shelby County. (Rep. and Recommendation at 2.)

II.     STANDARD OF REVIEW

A Magistrate Judge may submit to a judge of the court proposed findings of fact and recommendations for the disposition of any pretrial matter pending before the court. 28 U.S.C. §

636(b)(1)(A). "A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 149 (1985). After reviewing the evidence, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C). The judge may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. When neither party objects to the Magistrate Judge's factual or legal conclusions, the district court need not review those findings under a *de novo* or any other standard. Thomas, 474 U.S. at 150. After conducting a *de novo* review, a district court is not required to articulate all of the reasons it rejects a party's objections. Tuggle v. Seabold, 806 F.2d 87, 92 (6th Cir. 1986).

III. ANALYSIS

Ms. Moses listed 20 separate objections to the Magistrate Judge's Report and Recommendation. None of those objections confront the Magistrate Judge's sound reasoning that this Court does not have jurisdiction in this matter. The Magistrate Judge outlined the numerous ways in which this court does not have jurisdiction over the matter. First, she explained the Court lacks subject-matter jurisdiction because the case presents no federal question under 28 U.S.C. § 1331, and removal cannot be based on a defense or counterclaim. (Rep. and Recommendation at 7-8.) Next, she reasoned that the Court lacks jurisdiction because the parties are not diverse under 28 U.S.C. § 1332. (Id. at 10.) Furthermore, as a citizen of Tennessee and the Defendant in the underlying action brought in a Tennessee state court, the Magistrate Judge found that Ms. Moses is also barred from removing the action under 28 U.S.C. § 1441(b)(2). (Id. at 10-11.) Finally, the remaining purported sources of federal jurisdiction Ms.

Moses relies on – 28 U.S.C. §§ 1441-1452 – also fail to establish this Court's jurisdiction, as is outlined in the Magistrate Judge's Report and Recommendation. (Id. at 11-13.)

Ms. Moses's objections do not dispute the fundamental grounds for the Magistrate Judge's determination that this Court does not have jurisdiction. The 20 paragraphs in Ms. Moses's objections to the Magistrate Judge's findings include vague, conclusory statements bereft of any factual or legal support. For instance, she states "[t]he Magistrate's R&R present a moot issue." (Objections ¶ 10.) She also asserts that "[r]espondent would argued (sic) that the Magistrate R&R is vague or overbroad." (Objections ¶ 2.) Ms. Moses's objections that are not vague are largely irrelevant. She argues "[t]he magistrate's R&R has not had an evidentiary or show cause hearing and the Magistrate's R&R is premature due to lack of sufficient evidence to make a determination." (Objections ¶ 8.) She also asserts "[t]he Supreme Court stated that the authority granted to magistrate judges under the Federal Magistrates Act is to be construed narrowly." (Objections ¶ 20.)

The one paragraph that could be construed to challenge the magistrate judge's findings is unsupported by any facts or law. Ms. Moses argues that "[r]espondent has federal questions present that deal with the 14th amendment, Equal Protection, and Due Process." (Objections ¶ 14.) Ms. Moses does not further elaborate on how this assertion can cure the deficiencies the Magistrate Judge identified in her Report and Recommendation. Because it does not rectify these shortcomings, the objection is without merit.

Several of Ms. Moses's objections allude to assertions she made in a proposed amended complaint that she submitted to the Court on the same day she filed her objections to the Magistrate Judge's Report and Recommendation. (See ECF No. 9.) The Court has reviewed Ms. Moses's Amended Complaint. It also has failed to cure the defects present in the original

attempt at removal. Among the modifications included in the amended complaint is the inclusion of the following three "Federal Questions":

1. Does a an (sic) order (of) protection prohibiting prior restricted speech from a public figure on Social Networking sites violate Respondent Moses' First Amendment Rights?
2. Does a prohibition of political literature from a public figure an elected official violate Respondent's First Amendment Rights?
3. Is there complete diversity among the parties.

(Id. at 6.) Ms. Moses again asserts that this Court has jurisdiction under U.S.C. § 1441(c), based on the fact that it authorizes removal of a lawsuit when a separate and independent federal question claim is joined with otherwise non-removable claims. While her amended complaint is not entirely clear on this point, Ms. Moses again seems to be arguing that she has filed a counterclaim against Judge Gardner based on a violation of her First Amendment rights, suggesting that the filing for a temporary order of protection against Ms. Moses serves as "unconstitutional censorship and chilling of protected, fundamental free speech." (ECF No. 9 at 5.)

Even if Judge Gardner's filing of a temporary restraining order could be considered a state action, which Ms. Moses has failed to demonstrate, this attempt to establish federal jurisdiction suffers from the same infirmity discussed in the Magistrate Judge's Report and Recommendation, specifically that "[c]ounterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance." Vaden v. Discover Bank, 556 U.S. 49, 62 (2009). Because Ms. Moses's amended complaint continues to base her argument for jurisdiction on the purported First Amendment violations found in her counterclaims against Judge Gardner, she again fails to establish this Court's jurisdiction.

Ms. Moses alternatively asserts jurisdiction in her amended complaint, again, based on the diversity of the parties under 28 U.S.C. § 1332, and the fact that the amount in controversy

exceeds $75,000. Whether Ms. Moses meets the statutory threshold for the amount in controversy has never been in question, as she claims damages of $1,000,000. The Magistrate Judge determined that Ms. Moses could not establish jurisdiction under 28 U.S.C. § 1332 because she failed to demonstrate diversity of citizenship between her and Judge Gardner. Her amended complaint does nothing to remedy this fatal flaw in her attempt to establish diversity. In fact, Ms. Moses reasserts that "[b]oth Petitioner and Respondent reside in Memphis, TN Shelby County." (ECF No. 9 at 7.) Ms. Moses has continued to attempt to establish that there is federal jurisdiction in this case based on the diversity of citizenship between the parties, while asserting that the parties are not diverse. Just as the Magistrate Judge determined that Ms. Moses failed to meet her burden of establishing complete diversity in her initial Notice of Removal, so, too does she fail to do so in her amended complaint.

IV. CONCLUSION

Having conducted a *de novo* review of the record in light of Ms. Moses's objections to the Magistrate Judge's Report and Recommendation, the Court hereby ADOPTS the Report and Recommendation in its entirety. Because Ms. Moses also has failed to remedy the jurisdictional shortcomings in her amended complaint, the case is dismissed for lack of subject matter jurisdiction and remanded to the General Sessions Criminal Court of Shelby County, Tenn., pursuant to 28 U.S.C. §§ 1447, 1455.

**IT IS SO ORDERED,** this 10th day of December, 2014.

/s/ Sheryl H. Lipman
UNITED STATES DISTRICT JUDGE